IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| Terry Street,<br><br>    Plaintiff,<br><br>  v.<br><br>Northrop Grumman Ship Systems, Inc.,<br><br>    Defendant. | No. 1:06-cv-00830-LG-RHW<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>(Civil Rights-Employment)<br><br>Jury Trial Demanded |

## PRELIMINARY STATEMENT

1. This action seeks injunctive and declaratory relief to prevent continuing, systemic, and unjustified race discrimination by the employer, NORTHROP GRUMMAN SHIP SYSTEMS, INC. ("NGSS"), with regard to the retention, terms and conditions of employment, treatment, and promotion and transfer of Black employees at NGSS, including severe, pervasive, and ongoing harassment of Black employees through longstanding maintenance of a racially hostile work environment. In addition to injunctive and declaratory relief, and all other available equitable relief, plaintiff seeks compensatory and punitive damages.

## JURISDICTION

2. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981"). Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ l343 (3)&(4); 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

1

## PARTIES

3. Terry Street was a Black employee of NGSS who was employed by NGSS for over 21 years. Mr. Street was terminated by NGSS on or about November 2, 2000. He was re-employed at NGSS on or about September 7, 2004. However, he lost all rights to his seniority.

4. NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a business that is engaged in the construction and refurbishing of seagoing vessels, both military and civilian. It is located in Pascagoula, Mississippi. It is an employer for purposes of Title VII. On the basis of information and belief, plaintiff alleges that NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a successor in interest to INGALLS SHIPBUILDING COMPANY.

5. NGSS has received numerous contracts and substantial income from agencies and departments of the Federal Government, and because of the receipt of said contracts and income it is subject to Title VI of the Civil Rights Act of 1964, as amended. NORTHROP GRUMMAN SHIP SYSTEMS, INC., and its predecessor, INGALLS SHIPBUILDING COMPANY, therefore are, and have been, a federal contractor at all times relevant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent to jurisdiction pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with to wit: an appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and a notice of right to sue was issued by the Equal Employment Opportunity Commission.

7. Plaintiff has filed a timely complaint based on the time limits contained in section 706 of Title VII of the Civil Rights Act of 1964, as amended.

8. On or about December 20, 2000, the Equal Employment Opportunity Commission issued a determination finding reasonable cause to believe that a racially hostile work environment existed at NGSS.

9. Attempts at conciliation regarding the finding of a racially hostile work environment, which was and is statutorily required, failed.

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

2

**PROCEDURAL BACKGROUND PRECEDING THIS COMPLAINT**

10. An initial complaint was filed in the United States District Court for the Southern District of Mississippi on March 21, 2001, in which eleven (11) persons, named as representative plaintiffs, and the organization, Ingalls Workers for Justice, alleged class-wide discrimination at NGSS on the basis of race.  The case was assigned a case number of 1:01-CV-111(G)(R).

11. A First Amended Complaint was filed on April 26, 2001 in the initial case, additionally alleging maintenance of a racially hostile work environment at NGSS.

12. A Complaint in Intervention was filed on February 13, 2003 in the initial case, necessitated by the Court's dismissal of the following causes of action and parties from the First Amended Complaint on February 28, 2002:

   a) Dismissal of the class action allegations seeking compensatory and punitive damages;

   b) Dismissal of the claim for relief alleged pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;

   c) Dismissal of the claim for relief alleged pursuant to the Thirteenth Amendment to the U.S. Constitution;

   d) Dismissal of organizational plaintiff INGALLS WORKERS FOR JUSTICE;

   e) Dismissal of defendant LITTON INDUSTRIES; and

   f) Dismissal of defendant NORTHROP GRUMMAN.

13. A Second Amended Complaint was filed on April 7, 2003 in the initial case.

14. On or about March 16, 2004, the initial case was reassigned to the Honorable Louis Guirola, Jr., District Court Judge; on December 30, 2004, the Honorable Robert H. Walker, Magistrate Judge, was assigned to be the Magistrate Judge for the initial case.

15. On August 17, 2006, Magistrate Judge Walker entered an order entitled, "Order Requiring Separate Complaints," which, *inter alia*, severed the plaintiffs' claims from one another, and required the filing of new complaints and assignment of new case numbers for each of the individual plaintiffs in Case No. 1:01-CV-111(LG)(RHW).

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

3

16. At some point during the period of time from August 17, 2006 through September 7, 2006, plaintiff Terry Street's severed action was assigned the case number of 1:06-cv-00830-LG-RHW.

## FACTUAL STATEMENT
## RACIAL DISCRIMINATION GENERAL ALLEGATIONS

17. The defendant, NGSS, has intentionally pursued and continues to pursue employment policies and practices that constitute systemic discrimination against plaintiff and other Black employees and that deprive or tend to deprive such persons of equal employment opportunities within NGSS.  NGSS has intentionally implemented these policies and practices, among other ways, as follows:

   a) By failing to treat Blacks on an equal basis with Whites.

   b) By using selection devices for promotions that have an adverse impact on Blacks, are not job related and have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures, and have more adverse impact than equally valid alternatives.

   c) By using evaluation procedures in the consideration of employees for promotions that discriminate against or illegally exclude Black employees from consideration.

   d) By failing to provide Black employees with equal opportunities for advancement within the company because of their race.  Black employees are denied promotions despite their qualifications and years on the job.  It is not uncommon for a Black employee to be denied a promotion at NGSS in an area she or he has worked in for twenty years and then be assigned to train a White employee with less seniority.

   e) By maintaining a double standard in the granting of promotions to White employees vis à vis Black employees.  Practices including cronyism, nepotism, word-of-mouth recruitment, failure to post or advertise employment opportunities, and/or the placement of White employees in acting positions have

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

4

inured to the determent of Black employees historically.

f) By restricting access to employment opportunities for Black employees and maintaining a workforce in which its supervisory and management personnel has been and continues to be predominately White.

g) By engaging in a policy in which positions are actually filled even before they may be posted or advertised as an available position.

h) By demoting Black employees at a disproportionate rate as compared to White employees.

i) By retaliating against Black employees after they have complained or challenged, in any way, the discriminatory policies, procedures, and practices that permeate the work environment at NGSS.

j) By denying Black employees opportunities to go on trips or sea trials where they would be able to earn substantial amounts of overtime.

k) By maintaining a practice of "job steering," resulting in Black employees being assigned to, and then denied the opportunity to move out of, dangerous, dirty, and generally less desirable work areas because of their race.

l) By instituting and allowing the continuance of a racially hostile work environment for Black employees.

18. This pattern or practice denies the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

19. NGSS has been aware that its actions with regard to the treatment of Black employees were and are in violation of federal statutes prohibiting discrimination on the basis of race.

## SPECIFIC CLAIMS FOR RELIEF
## TITLE VII AND § 1981

20. Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

5

21. Plaintiff has applied for promotive positions on numerous occasions, and although plaintiff was qualified for the positions for which he applied, he was not selected. The means used to determine plaintiff to be unqualified have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. This includes the following instances:

   a) Plaintiff applied in January 1999 for Supervisor Joiner Insulator, a position for which plaintiff was qualified, but for which he was not selected because of his race. Rickey Hudson, a white man with less seniority and experience was selected.

   b) In 1998, plaintiff applied for boat foreman, a position for which plaintiff was qualified, but for which he was not selected because of his race. D.N. Johnson, a white man with less seniority was selected for the position.

22. Plaintiff worked for 23 years in one or more of the departments at NGSS utilizing a position entitled "leaderman" or "half-hat." Based upon information and belief, plaintiff hereby alleges that no formal means of applying for the position of "leaderman" or "half-hat" at NGSS exist. Plaintiff has made it known that he has been interested in being selected for the position of "leaderman "or "half-hat," however, plaintiff was not selected for the position in spite of his 23 years at NGSS. Plaintiff has not been informed in any way that he was not qualified for the position of "leaderman" or "half-hat." The means used to determine that plaintiff would not be selected for a position, for which he was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. This includes the following instance:

   a) In 1985, plaintiff sought to be selected for a work leaderman position, a position for which plaintiff was qualified, but for which he was not selected because of his race.

23. Plaintiff has observed both that Black employees are not promoted in spite of their qualifications and seniority as well as the lack of qualifications of White employees who have been promoted, and, therefore, plaintiff has not applied for promotive positions for which he was

Plaintiff Terry Street's Complaint for                                                                                                       6
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

qualified. Plaintiff has also observed that the availability of positions was not always publicized. The means used to determine that plaintiff would not be selected for a position, for which he was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.

24. Plaintiff has been demoted at times during which similarly situated White co-workers with fewer years of seniority were not demoted. Plaintiff was informed that he was demoted because of a reduction in force. However, he and all 5 Black supervisors in his department were demoted while White co-workers with fewer years of seniority were not. This includes the following instances:

   a) On or about December 16, 1996, plaintiff was demoted from the position of supervisor to work leaderman. At that time, plaintiff's seniority in the company was 17 years, and in the department was 17 years. White co-workers with fewer years of seniority were not demoted at that time.

   b) In 1990, plaintiff was demoted from the position of Supervisor to Work Leaderman. At the time plaintiff was demoted, Plaintiff's seniority in the company was 11 years, and in the department was 11 years. White co-workers with fewer years of seniority were not demoted at that time.

25. Plaintiff has been laid off at times during which similarly situated White co-workers with fewer years of seniority were not laid off. Plaintiff was not informed of the reason why he was laid off while White co-workers with fewer years of seniority were not. This includes the following instance:

   a) On or about December 16, 1982, plaintiff was laid off until April 25, 1983. At the time plaintiff was laid off, plaintiff's seniority in the company was 4 years, and in the department was 4 years. White co-workers with fewer years of seniority were not laid off at that time.

26. Plaintiff has been subjected to disparate treatment because of his race. Plaintiff received fewer opportunities to earn overtime compensation than similarly situated White co-

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

7

workers in the Hull department.

     27. Plaintiff has made his supervisor(s) aware that he desired to receive certain training, including, but not limited to, tile training.  However, he has never been selected for the requested training, in spite of being qualified to be chosen, while his similarly situated White colleagues have overwhelmingly been selected to do so.  Furthermore, the selection process for obtaining training has never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.  This includes the following instance:

     a) Plaintiff's supervisor, Thompson, was aware that plaintiff sought tile certification training.  Thompson told plaintiff that he would be included in the next class but it never happened.  These classes were not advertised.  Rather, employees learned about them by word of mouth.  Plaintiff was never provided tile certification training despite his seniority, although White employees with less seniority were provided this training.  Nonetheless, plaintiff was informed that he was not selected for promotion on at least one occasion precisely because of his lack of tile certification.

     28. Plaintiff has been subjected to racial job tracking that assigns Black employees at NGSS at a disproportionate rate as compared to White employees to the most undesirable, dirtiest, and dangerous employment environments in the workplace.  This includes the following instances:

     a) Plaintiff has been forced to work either in the hot sun or in the cold while similarly situated White employees were allowed to work in more comfortable conditions.

     b) Plaintiff has observed that Black employees are assigned to Hull Insulation (a dirtier job), whereas White employees are assigned to do joiner or pipe insulation work.  White workers only do Hull work when it involves participation in trips to Hawaii, Florida, or California.

     29. Plaintiff has been subjected to disparate treatment with regard to the imposition of

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

8

discipline for actual or alleged transgressions for which plaintiff is informed and believes similarly situated White employees would not be disciplined. This includes following instance:

   a) Plaintiff's employment was terminated, along with that of two other Black employees, Webb and G.M. White, for allegedly mischarging time, while the employment of similarly situated White employees, T. Richardson, B. Davis, and C.B. Sprinkle, was not terminated. Moreover, W.E. Thompson, who was a White foreman involved in the alleged incidents of mischarging time, was only demoted while the employment of the similarly situated Black Foreman was terminated.

30. Plaintiff has been retaliated against or suffered adverse consequences for opposing NGSS's discriminatory employment practices, in violation of Title VII and § 1981. This includes the following instances:

   a) In 2000, plaintiff engaged in whistle-blowing activity with regard to charging the Navy for work done on a commercial contract. Plaintiff's employment, along with that of two other Black co-workers, was terminated two months later in November 2000.

   b) The termination of plaintiff's employment also followed only 11 months after the January 2000 filing of the EEOC charge of discrimination which preceded the filing of the *Thompson, et al. v. Ingalls Shipbuilding, et al.* matter, of which plaintiff was one of the original 11 individual plaintiffs.

   c) In 2003, plaintiff sought to be re-hired by the defendant. Byron Patton told plaintiff that he would never work at the shipyard again, even though plaintiff had been deemed eligible for rehire. Although the terms of plaintiff's termination made him eligible for re-hire, plaintiff's repeated attempts to become re-employed by NGSS were rebuffed until he was finally re-hired as joiner/insulator on or about September 7, 2004. Plaintiff therefore has lost wages and other benefits, including seniority, because of the termination, the delay in gaining re-employment, and the change in position.

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

9

31. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to offensive racially derogatory writings, depictions, and/or graffiti on a constant basis in a number of places at NGSS.  NGSS knows or should have known of the presence of offensive racially derogatory writings, depiction, and/or graffiti in its workplace, but has failed to take steps to prevent or correct promptly its occurrence.  Plaintiff has complained about being subjected to the offensive racially derogatory writings, depictions, and/or graffiti, but the response has always been insufficient to remedy the situation.  Plaintiff has not complained about each and every instance of having been exposed to the offensive racially derogatory writings, depictions, or graffiti because plaintiff believed it would be useless so to do, given the historical lack of sufficient response on the part of NGSS.  This includes the following instances:

    a) For the duration of his employment at NGSS, plaintiff saw offensive racially derogatory writings, depictions, and/or graffiti in ships, restrooms, wet dock building, combine shops, and generally all over the shipyard.  Some of the offensive graffiti plaintiff observed referenced membership in the Ku Klux Klan, and, specifically invited membership in the KKK and referenced four area chapters of the KKK.

    b) NGSS was or should have been aware of the presence of the offensive racially derogatory graffiti, both because it was blatantly obvious to anyone using the restrooms, but also because plaintiff in fact complained about its presence.  In the 1990s, plaintiff complained to supervisor W.E. Thompson, but the response that was forthcoming was insufficient to remedy the situation.  In addition, plaintiff saw offensive racially derogatory writings, depictions, and/or graffiti in restrooms that were used by supervisors.  However, to plaintiff's knowledge, they took no steps to remedy the situation.

    c) From 1985 until around the time the *Thompson, et al. v. Ingalls Shipbuilding, et al.* matter filed, plaintiff saw offensive racially derogatory writing, depictions,

Plaintiff Terry Street's Complaint for  
Injunctive and Declaratory Relief and Damages  
No. 1:06-cv-00830-LG-RHW

10

and/or graffiti in Terry Skinner and W.E. Thompson's office, including a poster entitled, "blackened bass," which depicted a being with large lips, a coon tail, and a "super fly" hat. Plaintiff did not complain about the poster at the time because plaintiff believed he would be subjected to retaliation for complaining. However, NGSS was or should have been aware of the presence of the offensive poster because it was openly displayed on the wall of his supervisors' office.

32. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to White supervisory personnel and White non-supervisory employees using the term "nigger" or other racial epithets, including in jokes, on a constant basis in a number of places at NGSS. NGSS knows or should have known about use of the term "nigger" and other racial epithets by White supervisory personnel and White non-supervisory employees, but has failed to take steps to prevent or correct promptly its occurrence. Plaintiff has complained about being subjected to such offensive racial epithets, but the response has always been insufficient to remedy the situation. Plaintiff has not complained about each and every instance of having heard this or other racial epithets because plaintiff believed it would be useless so to do given the historical lack of sufficient response on the part of NGSS. This includes the following instances:

a) Plaintiff has heard White employees use the word "nigger," including, on one occasion, a White employee saying something to the effect of "no niggers allowed." Plaintiff complained about use of the word "nigger" to W.E. Thompson, who was a foreman at the time, but the response that was forthcoming was insufficient to remedy the situation.

b) Plaintiff did not complain each and every time he heard the word "nigger" because, based on NGSS's historical response, plaintiff believed that the response would be insufficient to remedy the situation and because plaintiff believed he would be subjected to retaliation for complaining. However, NGSS was or should have been aware of the use of the language because of prior complaints.

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

11

33. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to nooses in a number of places at NGSS. NGSS knows or should have known about the presence of nooses, both actual and depicted in drawings, at its workplace, but has failed to take steps to prevent or correct promptly its occurrence. Plaintiff has complained about seeing these nooses, but the response has always been insufficient to remedy the situation. Plaintiff has not complained about each and every instance of having seen nooses at NGSS because plaintiff believed it would be useless to do so, given the historical lack of sufficient response on the part of NGSS. This includes the following instances:

   a) In or around 1997 or 1998, plaintiff observed a noose on a light inside the Number 2 engine room of hull 5280 or 5282. A White union steward pointed to it and said it was for a Black co-worker. Plaintiff heard two White employees threaten a Black employee with a hangman's noose and tell him they had a tree picked out for him in Lucedale, Mississippi. Plaintiff complained about this situation to supervisors W.E. Thompson and D.R. Clark, but the response that was forthcoming was insufficient to remedy the situation.

   b) Plaintiff was informed by Anthony Bates about an incident involving Mr. Bates being subjected to a mock lynching on or about July 16, 1999 by a White supervisor named Robert Cochran. The company's response to that incident – an incident that symbolizes the most odious of treatment to a Black male – was not sufficiently remedied by NGSS.

34. Plaintiff is currently employed at NGSS, but his employment at NGSS was terminated on or about November 2, 2000, based on circumstances that Plaintiff believes would not have been cause for termination but for his race.

35. At the time of his termination, plaintiff was in a supervisory position.

36. Although the terms of plaintiff's termination made him eligible for re-hire, plaintiff's repeated attempts to become re-employed by NGSS, beginning in 2003, were rebuffed until he was finally re-hired as joiner/insulator on or about September 7, 2004. Plaintiff therefore has

Plaintiff Terry Street's Complaint for  
Injunctive and Declaratory Relief and Damages  
No. 1:06-cv-00830-LG-RHW

12

lost wages and other benefits, including seniority, because of the termination, the delay in gaining re-employment, and the change in position.

37. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. The hostile work environment comprises and/or has culminated in the adverse treatment described in paragraphs 20 through 30 and 34 through 36, incorporated as though fully set forth herein.

38. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact of presence of offensive racially derogatory writings, depictions, and/or graffiti; ubiquitous use of the word "nigger" and other racist epithets; and nooses at NGSS.

39. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact that Black employees have not been provided equal opportunity with regard to upward job mobility.

40. The hostile work environment based on race to which plaintiff has been exposed is of a continuing and ongoing nature and constitutes a continuing violation of Title VII and § 1981.

41. NGSS has failed to take steps to remedy and correct promptly the harassing behavior occurring in its workplace. NGSS has failed to promulgate, disseminate, and enforce adequately an anti-harassment policy and failed to provide sufficient training to its employees regarding same. NGSS has failed to respond sufficiently to complaints regarding the harassment as set forth in paragraphs 31 through 40, incorporated as though fully set forth herein.

## APPROPRIATENESS OF EQUITABLE RELIEF

42. Plaintiff will suffer irreparable injury if the declaratory and injunctive relief requested herein is not granted, because NGSS will make employment decisions on the basis of the discriminatory procedures and practices described herein or will not remediate the racially hostile work environment that exists in its workplace. If NGSS is not enjoined from engaging in discriminatory employment practices, plaintiff will be deprived of career opportunities, which plaintiff otherwise would have been able to pursue, but for NGSS's discriminatory employment

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

13

practices.

43. No plain, adequate, or complete remedy at law is available to plaintiff. The loss of promotional opportunities, experience, and careers with NGSS cannot be adequately compensated by monetary relief. Similarly, the continued subjection to a racially hostile work environment cannot be adequately compensated by monetary relief.

44. Unless restrained by order of this Court, NGSS will continue to pursue policies and practices, which are the same as, or similar to those alleged above.

## FIRST CLAIM FOR RELIEF

45. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 44 and further alleges for a first claim for relief as follows:

46. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

## SECOND CLAIM FOR RELIEF

47. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 46 and further alleges for a second claim for relief as follows:

48. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## THE APPROPRIATENESS OF COMPENSATORY AND PUNITIVE DAMAGES

49. Defendant NGSS has caused plaintiff emotional distress and mental anguish as a proximate result of its illegal practices, and plaintiff is entitled to compensatory damages

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

14

pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

50. Similarly, defendant NGSS was aware that its actions with regard to plaintiff were in violation of federal statutes prohibiting discrimination on the basis of race, and therefore, plaintiff is entitled to punitive damages.

## **PRAYER**

WHEREFORE, plaintiff prays that this Court:

a) Declare pursuant to 28 U.S.C. §§ 2201 & 2202 the employment practices set forth in paragraphs 17 through 41 to be unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Acts of 1866, as amended, 42 U.S.C. § 1981;

b) Adjudge, decree, and declare that the practices of NGSS complained of herein are violative of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

c) Issue a preliminary and permanent injunction enjoining NGSS, its agents, successors, employees, attorneys, and those acting in concert with it from engaging in each of the unlawful practices set forth in paragraphs 17 through 41 and from continuing other practices found to be in violation of applicable law;

d) Direct NGSS to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

e) Enter a permanent mandatory injunction requiring that NGSS adopt employment practices in conformity with the requirements of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

f) Require that NGSS submit a comprehensive plan detailing how it plans to ensure fair and equitable job advancement opportunities for Black employees. The plan should also outline steps to be taken to ensure that jobs available remain open

Plaintiff Terry Street's Complaint for 15
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

      until the posting period has expired;

g) Require that NGSS institute a policy that affords equal opportunities for training and development. The policy should include the requirement that such training opportunities must be announced to the entire workforce as well as a procedure consisting of a rotation scheme and other procedures to ensure that training for job advancement is afforded to all those who are interested;

h) Grant equitable relief, including, but not limited to, back pay, sick pay, vacation pay, disability benefits, and seniority rights to plaintiff;

i) Grant such punitive, general, and special damages as proved at trial;

j) Award plaintiff the costs and litigation expenses of this action and reasonable attorneys' fees as provided for in section 706(k) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), and the Civil Rights Attorneys Fees Award Act of 1976, as amended, 42 U.S.C. § 1988; and

k) Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury.

Dated:  September 29, 2006

                                                        SANDRA JARIBU HILL, Esq.
Mississippi Workers' Center for Human Rights

WILLIAM C. MCNEILL, III, Esq.
The Legal Aid Society-Employment Law Center

Counsel for Plaintiffs

By:   /s/ William C. McNeill, III
WILLIAM C. McNEILL, III, Esq.

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

16

William C. McNeill, III, Esq., MS Bar No. 42867, *Pro Hac Vice*
Denise M. Hulett, Esq., MS Bar No. 44672, *Pro Hac Vice*
Shelley A. Gregory, Esq., MS Bar No. 43443, *Pro Hac Vice*
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, California  94107
(415) 864-8848

Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi  38702-1223
(662) 334-1122

Plaintiff Terry Street's Complaint for                                                                                                     17
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following: Paul B. Eason; Maria Candace Burnette; Timothy W. Lindsay; Stephen A. Brandon.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

Tammi Liddell
3836 Prentiss St.
Moss Point, MS  39563

Willie B. Richmond
1608 Timberlane Road
Gautier, MS  39553

Edna M. Tubbs
P.O. Box 501
Escatawpa, MS  39552

   /s/ Laurel Kapros
Laurel Kapros

Plaintiff Terry Street's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00830-LG-RHW

18